IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DUSTIN W. LONG                                                                                    PLAINTIFF
ADC #661368

v.                                           3:22-cv-00125-DPM-JJV

NORTHEAST ARKANSAS
COMMUNITY CORRECTION CENTER; *et al.*                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.   DISCUSSION**

Dustin W. Long ("Plaintiff") is a prisoner in the Northeast Arkansas Community Correction Center ("NACCC"). In May 2022, he filed a *pro se* Complaint and Supplement seeking relief pursuant to 42 U.S.C. § 1983. (Docs. 2, 3.) On June 27, 2022, I entered an Order explaining to Plaintiff why he had not pled a plausible claim for relief, giving him the opportunity to file an Amended Complaint, and cautioning him that an Amended Complaint would render his prior pleadings without legal effect. (Doc. 12). In response to my Order, Plaintiff has filed an Amended Complaint alleging he received constitutionally inadequate medical care for bloody

1

stools and a lump on his back while he was previously in the Poinsett County Detention Center and currently in the NACCC. (Doc. 14.) After careful consideration and for the following reasons, I recommend the Amended Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, Plaintiff has sued Poinsett County employees Nurse Susan Duffel, Sheriff Kevin Molder, and Jail Administrator Trisha Marshall in their official capacities only.[2] Claims against county employees in their official capacities "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable for Defendants' actions in a § 1983 lawsuit. *See Id.* Instead, Poinsett County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Plaintiff has not raised any such allegations. Thus, he has not pled a plausible official claim against the county Defendants.

Second, Plaintiff has sued state employees NACCC Treatment Coordinator Lane and Nurse Emler in their official capacities only. The doctrine of sovereign immunity prevents Plaintiff from obtaining monetary damages against them in their official capacities. *Will v. Mich.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] In the original Complaint, Plaintiff named the Poinsett County Jail and the NACCC as Defendants. In my prior Order, I explained they were not proper defendants in a § 1983 action. (Doc. 12.) And Plaintiff has not included them as Defendants in his Amended Complaint. (Doc. 14.)

*Dep't of State Police*, 491 U.S. 58, 71 (1989*)*; *Burk,* 948 F.2d at 492-93.  Sovereign immunity does not preclude Plaintiff from obtaining prospective injunctive relief against these two state employees in their official capacities.   But to proceed, Plaintiff still must plead a plausible claim against them.   To do so, there must be facts suggesting Defendants Lane and Emler subjectively knew of, but deliberately disregarded, Plaintiff's objectively serious medical needs.   *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Negligence or even gross negligence as asserted in the Amended Complaint (Doc. 14 at 4) is not enough.   *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).   Even if I presume Plaintiff meant to say Defendants Lane and Emler acted with deliberate indifference, he has not provided enough facts to support a § 1983 claim against either of them.   Because there is no vicarious liability in § 1983 actions, a plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   The Amended Complaint is silent in this regard. Thus, Plaintiff has not pled a plausible claim against Defendants Lane or Emler in any capacity.

Finally, Plaintiff has named Wellpath Medical as a Defendant.   A private corporation acting under color of state law "may only be held liable under § 1983 for its own unconstitutional policies." *De Rossitte v. Correct Care Sols., LLC*, 22 F.4th 796, 803-04 (8th Cir. 2022); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). The "test is whether there is a policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983." *Id.*  Because the Amended Complaint does not contain any such facts, Plaintff has not pled a plausible claim against Defendant Wellpath.

3

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 14) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 15th day of July 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge who must determine if the prisoner is barred from proceeding *in forma pauperis*.